UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATAN SOCORRO-PROSPERO,<br><br>                              Plaintiff,<br><br>-against-<br><br>M. BOOTH AND ASSOCIATES, BRIAN WHEELER, JENN MCTIGUE, ALEXANDRA MACKEY, ADRIANA BEVILACQUA, NEXT FIFTEEN COMMUNICATIONS CORPORA-TION, and DOES 1-X,<br><br>                              Defendants. | 23-cv-11319 (AS)<br><br><u>OPINION AND ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

The Court granted defendants' motion for summary judgment as to all federal claims and declined to exercise jurisdiction over Socorro-Prospero's state- and city-law claims. *Socorro-Prospero v. M. Booth & Assocs.*, 2025 WL 2695609, at *7 (S.D.N.Y. Sept. 22, 2025). The Court assumes familiarity with the underlying facts discussed in that Opinion and Order. Socorro-Prospero now moves for reconsideration of that decision, seeking to revive his ADA and Title VII claims. The motion is DENIED.

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (internal quotations omitted). Indeed, a motion for reconsideration "may be granted only in limited circumstances when the [plaintiff] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). That standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "is not an opportunity for a [plaintiff] to relitigate an issue already decided or present arguments that could have been made before the judgment was entered." *Ethridge*, 49 F.4th at 688 (internal quotation omitted). And the decision to grant or deny a motion for reconsideration "is within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Socorro-Prospero has moved for reconsideration on four issues. None warrants the extraordinary remedy he seeks. First, he says the Court improperly rejected his Title VII claims as untimely.

But in support, he rehashes his prior arguments about the continuing-violation doctrine, which the Court has already refuted. *See Socorro-Prospero*, 2025 WL 2695609, at *4; *see also Menlo v. Friends of Tzeirei Chabad in Israel, Inc.*, 2013 WL 1387057, at *1 (S.D.N.Y. Apr. 5, 2013) ("[M]otions for reconsideration are not meant to afford a mere second bite at the proverbial apple."). And while Socorro-Prospero now argues that his fear of Brian Wheeler makes his claim timely, Dkt. 82 at 4, he failed to raise that theory at summary judgment. *See Ayyaz v. Thaler*, 2022 WL 837058, at *3 (S.D.N.Y. Mar. 21, 2022) ("[A] motion for reconsideration is not a vehicle for raising new arguments or legal theories.").

Second, Socorro-Prospero says the Court should have determined there's a genuine dispute of fact about whether the corporate defendants are vicariously liable for Guzman's alleged misconduct. He now relies on excerpts from Wheeler's and McTigue's depositions to claim that he complained to Wheeler multiple times about the misconduct in 2020 and that Wheeler did nothing to stop it until May 2021. Dkt. 82 at 6–9. But the excerpt from Wheeler's deposition discusses the May 2021 conversation, not an earlier one, and the quoted language from McTigue's deposition doesn't appear anywhere in that document. Dkts. 47-8 at 15:24–16:15; 47-31 at 54:25–55:13. What's more, Socorro-Prospero implicitly acknowledged in his summary-judgment briefing that he did "not report[] clearly" about the alleged misconduct "until Spring 2021," Dkt. 54 at 20. And Socorro-Prospero fails to challenge the Court's determination that the corporate defendants are entitled to the *Faragher*/*Ellerth* defense. *See Socorro-Prospero*, 2025 WL 2695609, at *5 n.2 (explaining that "[t]he elements of the defense are soundly established on this record, and neither of the exceptions applies"). That independently bars reconsideration of this issue.

Third, Socorro-Prospero argues that the Court improperly dismissed his disability-discrimination and retaliation claims under the ADA. He claims he was terminated for financial reasons and that defendants were required to show undue hardship but failed to. Dkt. 82 at 9–13. But as the Court already held, Socorro-Prospero failed to propose reasonable accommodations that would have allowed him to perform the essential functions of his job. *See Socorro-Prospero*, 2025 WL 2695609, at *6. And since he didn't do that, no undue-hardship analysis applies.

Finally, Socorro-Prospero says he didn't forfeit his interactive-process disability claim under the ADA because it is "inextricably intertwined" with his termination-based disability claims. Dkt. 82 at 2. Even if that were true, and even if Socorro-Prospero had raised that claim in more than a perfunctory manner (he didn't), it would fail for the same reasons that the claims relating to his termination fail.

For the reasons above, the motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate Dkt. 82.

SO ORDERED.

Dated: April 27, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

3